IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SARAH KENEALY,

      Plaintiff,                No. 2:12-cv-00320 KJM KJN PS

    v.

JOINT FORCE HEADQUARTERS,

      Defendant.             ORDER AFTER STATUS CONFERENCE
_____/

        This matter came before the undersigned for a Status (Pretrial Scheduling) Conference ("Status Conference") on June 14, 2012.[1]  Plaintiff, who is proceeding without counsel, appeared and represented herself.  However, plaintiff failed to file a status report in advance of the Status Conference, which violates the court's Order Setting Status Conference. (Order Setting Status Conf. ¶ 6, Dkt. No. 3.)  No appearance was made by or on behalf of defendant.[2]

////

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] At the Status Conference, plaintiff confirmed that she previously dismissed all defendants except for defendant Joint Force Headquarters (Dkt. No. 5).

1

The court declines to enter a scheduling order at this time because defendant has not yet appeared in the action and there are questions regarding service of process. On June 12, 2012, plaintiff filed Return of Service and related documents that represent that plaintiff served defendant with the summons and complaint by certified mail on May 11, 2012.[3] Although the court expresses no opinion at this time regarding the propriety of service, the documents filed with the court raise some questions about whether plaintiff validly effectuated service of process. Accordingly, the court grants plaintiff 30 days to review Federal Rule of Civil Procedure 4, attempt to re-serve defendant if plaintiff believes such re-service is required, and file a status report with the court updating the court about plaintiff's service-related activities. If plaintiff believes that she already effectuated proper service on defendant, she may convey as much in her status report with a view toward pursuing a clerk's entry of default and default judgment pursuant to Federal Rule of Civil Procedure 55. Plaintiff is informed, however, that the validity of service of process will be carefully scrutinized in any motion for default judgment. Irrespective of whether plaintiff attempts to re-serve defendant or believes that service is presently proper, the court sets a follow-up status conference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted 30 days from the date of this order in which to review Federal Rule of Civil Procedure 4 and her Return of Service, and attempt to re-serve defendant if plaintiff believes such re-service is required.

2. A follow-up status conference is set for August 9, 2012, at 10:00 a.m., in Courtroom 25. <u>No later than seven days prior to the status conference</u>, plaintiff shall file a status report that addresses the following topics: (a) plaintiff's recent attempts to serve defendant with the summons and complaint, if any; (b) the basis for plaintiff's belief that she has properly served

---

[3] At the Status Conference, plaintiff stated that she served defendant by certified mail because defendant barred plaintiff from entering defendant's office or facility. In any event, plaintiff is not a person who could effectuate personal service of the summons and complaint because she is a party to this case. Fed. R. Civ. P. 4(c)(2).

1  defendant with the summons and complaint consistent with Federal Rule of Civil Procedure 4;
2  and (c) whether plaintiff intends to pursue an entry of defendant's default and default judgment.
3  Plaintiff may also address any contact that she has had with defendant in regards to serving
4  process.
5         3.      The Clerk of Court is directed to update the docket to reflect that
6  defendant Joint Force Headquarters is the only remaining defendant in this case.
7         IT IS SO ORDERED.
8  DATED:  June 14, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE